The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
STEVEN GARY

**DEFENDANTS**
SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY AND JOHN DOE, SEPTA MOTORMAN

(b) County of Residence of First Listed Plaintiff  PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
CHARLES W. CAMPBELL
1 EAST AIRY STREET
NORRISTOWN, PA  19401
610-272-2400

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. SECTION 12101

Brief description of cause:
AMERICANS WITH DISABILITIES ACT

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER  J.T.

DATE  08/21/2015
SIGNATURE OF ATTORNEY OF RECORD

AUG 21 2015

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT            APPLYING IFP              JUDGE             MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**15   4783**

Address of Plaintiff: 317 E. SHEDAKER STREET, PHILADELPHIA, PA 19144

Address of Defendant: 1234 MARKET STREET, PHILADELPHIA, PA 19107

Place of Accident, Incident or Transaction: HARBISON AVENUE, PHILADELPHIA, PA
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) AMERICANS WITH DISABILITIES ACT

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, CHARLES W. CAMPBELL, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.   N/A

DATE: 8/21/15   _____ Attorney-at-Law   37286 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/21/15   _____ Attorney-at-Law   37286 Attorney I.D.#

AUG 21 2015

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| STEVEN GARY | : | CIVIL ACTION |
| v. | : | |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, et al. | : | NO. 15 4783 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (x)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | CHARLES W. CAMPBELL | |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** PLAINTIFF |
| 610-272-2400 | 610-991-2242 | CWCAMPBELL3@GMAIL.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 21 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVEN GARY : NO.
317 East Shedaker Street :
Philadelphia, Pennsylvania 19144 : JURY TRIAL DEMANDED
:
v. :
:
SOUTHEASTERN PENNSYLVANIA :
TRANSPORTATION AUTHORITY :
1234 Market Street :
Philadelphia, Pennsylvania 19107 :
:
and :
:
JOHN DOE, SOUTHEASTERN PENNSYLVANIA :
TRANSPORTATION AUTHORITY MOTORMAN :
1234 Market Street :
Philadelphia, Pennsylvania 19107 :

## COMPLAINT

1. This is an action for damages against defendants for their discriminatory acts against plaintiff, a disabled passenger on a public bus operated by defendants, in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"); Section 504 of the Vocational Rehabilitation Act ("Section 504"), 29 U.S.C. § 794; and parallel Pennsylvania law.

2. Plaintiff Steven Gary is an adult individual residing at the above-captioned address.

3. Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA") is a regional transportation authority and an agency of the Commonwealth of Pennsylvania, which operates public buses in the southeastern part of Pennsylvania.

4. Defendant John Doe, Southeastern Pennsylvania Transportation Authority Motorman, is a motorman in the employ of defendant SEPTA, who was operating a SEPTA Route 26 bus on Harbison Avenue near its intersection with Roosevelt Boulevard on Thursday, August 22, 2013 at about 3:45 P.M. His name is unknown, and plaintiff will seek leave to amend this complaint by providing his name after this information is disclosed by defendant SEPTA.

5. At all times pertinent hereto, plaintiff was a person with disability and required the use of a motorized scooter due to a disease and/or injury in his right foot and leg.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12133, and 29 U.S.C. § 794a. Your Honorable Court has pendent claim jurisdiction over the state law claims.

7. Venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendants are "public entities" within the meaning of 42 U.S.C. § 12131(1)(B) and 28 C.F.R. § 35.104.

9.. Defendants receive federal financial assistance within the meaning of 29 U.S.C. §794 and its implementing regulations.

10. On the date, time and place referred to in paragraph 4 above, plaintiff was a passenger on a Route 26 SEPTA bus, which was being operated by defendant John Doe, SEPTA Motorman.

11. Plaintiff boarded the bus on his motorized scooter, and showed his Medicare card to defendant Doe, which plaintiff believed entitled him to a discount.

12. Defendant Doe then demanded that plaintiff get up off his scooter and walk to the

farebox to pay his fare, stating to plaintiff and in the presence of other bus passengers, "Get up and give me some money. You can walk."

13. This statement by Doe caused plaintiff such embarrassment and emotional upset that he requested to be let off the bus.

14. Defendant Doe persisted in announcing to other bus passengers that plaintiff could walk.

15. Plaintiff then drove his scooter onto the bus lift to exit the bus, but one of the wheels to the scooter was hanging over the side of the ramp. Plaintiff told defendant Doe that he (plaintiff) might fall, to which Doe responded, "Go ahead and fall, you would just get up and walk anyway."

16. As the bus lift was lowered, plaintiff's scooter did in fact tip when it reached the ground, causing damage to the scooter and bodily injury to plaintiff.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF AMERICANS WITH DISABILITIES ACT

17. The previous paragraphs are incorporated herein by reference.

18. Title II of the ADA prohibits public entities from denying, on the basis of disability, the benefits of the services, programs, or activities of the public entity, and from subjecting persons with disabilities to discrimination. 42 U.S.C. § 12131 *et seq.*; 28 C.F.R. Part 35.

19. Defendants' conduct as aforesaid violated the ADA.

20. As a result of defendants' violations, plaintiff was prevented from riding the bus because he was unable to walk to the farebox to pay his fare, as demanded by defendant Doe.

20. As a result of defendants' violations, defendant suffered extreme emotional distress, embarrassment, humiliation and emotional upset.

21. As a further result of the aforesaid, plaintiff sustained bodily injury, with pain, suffering, inconvenience and loss of life's pleasures.

22. As a further result of the aforesaid, plaintiff sustained financial loss resulting from damage to his scooter.

WHEREFORE, plaintiff demands judgment for compensatory damages, statutory damages, punitive damages and attorney's fees.

### SECOND CLAIM FOR RELIEF - SECTION 504 OF THE REHABILITATION ACT

23. The previous paragraphs are incorporated herein by reference.

24. Defendants violated the Rehabilitation Act by denying plaintiff, a user of a mobility device, with equal access to its public transportation system, as more fully set forth above.

25. As a result of defendants' violations, plaintiff suffered injuries and damages as set forth above.

WHEREFORE, plaintiff demands judgment for compensatory damages, statutory damages, punitive damages and attorney's fees.

### THIRD CLAIM FOR RELIEF - PARALLEL STATE LAW CLAIM

26. The previous paragraphs are incorporated herein by reference.

27. The previous paragraphs are incorporated herein by reference.

28. In discriminating against plaintiff based upon plaintiff's disability, and in denying plaintiff equal access to public bus transportation, and in committing the acts set forth above, defendants caused plaintiff damage, in violation of Pennsylvania law,

including the Human Relations Act, 43 P.S. §§ 951-963.

WHEREFORE, plaintiff demands judgment for compensatory damages, together with other authorized relief.

CHARLES W. CAMPBELL
Attorney for Plaintiff
1 East Airy Street
Norristown, PA 19401
Telephone: (610) 272-2400
Fax: (610) 991-2242
Email: cwcampbell3@gmail.com
I.D. No. 37206